IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| ANN BRANCH, et al., | * | |
| Plaintiffs, | * | Case No. 8:11-cv-03712-PWG |
| v. | * | |
| BANK OF AMERICA, N.A., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
SANCTIONS OR, IN THE ALTERNATIVE, TO COMPEL DISCOVERY
RESPONSES AND EXTEND DEFENDANT'S
DEADLINE TO FILE DISPOSITIVE MOTIONS**

Defendant Bank of America, N.A. ("BANA" or "Defendant"), by and through counsel and pursuant to Federal Rules of Civil Procedure 6(b)(1) and 37(d)(1) and Local Rule 104.7, respectfully moves this Court for an order granting discovery sanctions or, in the alternative, compelling Plaintiffs' responses to Defendant's First Set of Interrogatories and Request for Production of Documents (the "Discovery") and to extend Defendant's deadline to file dispositive motions. In support of its motion, Defendant states as follows:

1. On July 31, 2012, the Court entered a scheduling order ("Scheduling Order"). Pursuant to that Scheduling Order, the parties were to complete discovery by December 13, 2012, and file dispositive motions by January 14, 2013. *See* **Exhibit A**, Scheduling Order.

2. On October 29, 2012, the parties submitted a joint motion to extend the deadline to file Rule 26(a)(2) disclosures ("Joint Motion"). *See* **Exhibit B**, Joint Motion. In the Joint Motion, the parties requested that Defendant's Rule 26(a)(2) disclosures be due on December 7, 2012, Plaintiffs' Rule 26(a)(2) rebuttal disclosures be due on December 21, 2012, and discovery close on January 14, 2013. *See id*. The dispositive motions deadline of January 14, 2013 remains in effect. *See id*.

3. On October 31, 2012, the Court approved the Joint Motion (the "Order"). *See Docket Entry No. 23*.

4. On November 8, 2012, Defendant propounded the Discovery upon counsel for Plaintiff. *See* **Exhibit C**, the Discovery.

5. Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Plaintiffs' responses to the Discovery were due by December 11, 2012. *See* Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2).

6. On December 7, 2012, Defendant submitted its Rule 26(a)(2) disclosures to Plaintiff. *See* **Exhibit D**, Defendant's Rule 26(a)(2) disclosures.

7. Plaintiffs have not submitted their Rule 26(a)(2) disclosures or served any discovery on Defendant.

8. On January 2, 2013, having not received Plaintiffs' Discovery responses, counsel for Defendant had a telephone conference with counsel for Plaintiff regarding the Discovery. *See* **Exhibit E**, Good Faith Certificate. After that conversation, counsel for Defendant then faxed to Plaintiffs' counsel a good faith letter requesting that Plaintiffs respond to the Discovery by January 7, 2013, or Defendant would be forced to file a

motion to compel with the Court.  *See* **Exhibit F**, Good Faith Letter.  Plaintiff's prompt response to the Discovery by January 7, 2013, was necessary to allow Defendant sufficient time to prepare and submit a dispositive motion to the Court by the January 14, 2013, deadline as set forth in the operative Scheduling Order, as amended.  *See* Exhibit E.

9.   Defendant has not received Plaintiffs' responses to the Discovery, although more than two months have passed since the Discovery was served on Plaintiffs, and despite Defendant's good faith efforts to obtain the responses without this Court's involvement.[1]

### Sanctions Pursuant to Federal Rule 37(d)(1)(A) are Appropriate

10.   Federal Rule 37(d)(1)(A) provides that this Court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  The Federal Rules further provide that such sanctions may include, among other relief, (1) "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," (2) "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," and (3) "striking pleadings in whole or in part . . . ."  *See* Fed. R. Civ. P. 37(d)(3) and 37(b)(2)(A)(i)-(vi).

---

[1]   On January 14, 2013, Brandon M. Williams, employed by McGuireWoods LLP, contacted Plaintiffs' counsel to discuss the discovery status report due on January 14, 2013.  At that time, Plaintiffs' counsel stated that Plaintiffs were in the process of responding to the Discovery.  However, as of the date and time of Defendant's filing of this Motion to Compel, Defendant has not received responses to the Discovery from Plaintiff.

11. Defendant has attempted in good faith to procure Plaintiffs' Discovery responses in accordance with Federal Rule 37 and Local Rule 104.7. On January 2, 2013, counsel for Defendant spoke with counsel for Plaintiffs by telephone regarding the overdue Discovery responses. *See* Exhibit E. At that time, counsel for Defendant discussed with Plaintiff's counsel the need for responses to Discovery due to the upcoming dispositive motion deadline of January 14, 2013, set by the Court. *Id.* Counsel for Defendant also conveyed that his office would transmit a good faith letter requesting responses to Discovery by the following week and stating that if not received, Defendant would be forced to file a motion to compel. *Id.* Counsel for Plaintiffs stated that he would speak with his clients regarding the Discovery. *Id.* After Plaintiffs failed to respond to the Discovery by January 7, 2013, Defendant was forced to file the present motion. *Id.*

12. Plaintiffs have failed to respond to discovery in accordance with Fed. R. Civ. P. 33(b)(2) and 34(b)(2), despite Defendant's good faith efforts to procure Plaintiffs' Discovery responses. Plaintiff's failure to answer discovery has delayed this action unnecessarily, and has significantly hindered Defendant's efforts to investigate the claims initiated against it, procure expert testimony in supports of its defense, and from generally moving this case toward a conclusion on its merits. Plaintiffs have made virtually zero effort to participate in discovery, despite the previous extension of the deadline for discovery and expert witness designations.

13. As such, this Court should enter an Order (1) prohibiting Plaintiffs from supporting any claims covered by the Discovery, or from introducing evidence at trial in

support thereof, (2) striking all portions of Plaintiffs' Complaint covered by the Discovery, and (3) granting any other relief provided in Federal Rule 37(b)(2)(A)(i) through (vi) due to Plaintiffs' complete failure of discovery.

**Extension of Time to File Dispositive Motions as Alternative Relief**

14. In the alternative, Federal Rule 37(a) provides that, "a party may move for an order compelling disclosure or discovery." "The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement." *Clark v. Unum Life Ins. Co. of Am.*, 799 F. Supp. 2d 527, 531 (D. Md. 2011) (citing Fed. R. Civ. P. 37(a)(1)). "District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel." *See Id.* (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)).

15. Furthermore, as to the time for filing dispositive motions, Fed. R. Civ. P. 6(b)(1) grants the Court wide discretion and latitude in managing its docket, and provides that, "when an act may or must be done within a specified time, the court may, *for good cause*, extend the time . . . (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" (emphasis added).

16. Plaintiffs' responses to the Discovery were due on December 11, 2012, pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2). To date, Plaintiffs have not responded to the Discovery and, therefore, are in violation of the Federal Rules. Pursuant to the Court's Scheduling Order and Order approving the parties' Joint Motion, Defendant is required to submit its dispositive motion by January 14, 2013. At this time, Defendant is

unable to prepare a meaningful substantive dispositive motion due to Plaintiffs' failure to respond to Discovery. The Discovery was served on Plaintiffs well before the discovery cut-off date and their response to the Discovery was due more than one month prior to the dispositive motions deadline. Defendant tried in good faith to procure Plaintiffs' Discovery responses, to no avail. If the dispositive motion deadline stands, Defendant will be forced to file a dispositive motion stripped of its ability to conduct discovery by Plaintiff, which is a matter of right pursuant to Fed. R. Civ. P. 33(b)(2) and 34(b)(2).

17.   In the event that this Court does not grant sanctions as requested above, Defendant respectfully requests that this Court alternatively enter an Order compelling Plaintiffs' satisfactory responses to the Discovery within ten (10) days of the order, and granting Defendant an additional fourteen (14) days after the date upon which Plaintiffs satisfactorily respond to the Discovery to file a substantive dispositive motion in addition to the Motion for Summary Judgment filed on January 14, 2013, contemporaneously with this Motion for Sanctions.

**Conclusion**

WHEREFORE, pursuant to Fed. R. Civ. P. 6(b)(1) and Fed. R. Civ. P. 37(a), Defendant Bank of America, N.A., respectfully requests that the Court enter an Order:

A.   Prohibiting Plaintiffs from supporting any claims covered by the Discovery, or from introducing evidence at trial in support thereof, striking all portions of Plaintiffs' Complaint covered by the Discovery, and granting any other relief provided in Federal Rule 37(b)(2)(A)(i) through (vi) due to Plaintiffs' complete failure of discovery;

B. In the alternative, compelling Plaintiffs' satisfactory responses to the Discovery within ten (10) days of the order, and granting Defendant an additional fourteen (14) days after the date upon which Plaintiffs satisfactorily respond to the Discovery to file a substantive dispositive motion; and

C. Any other relief that this Court deems appropriate under the circumstances.

Dated: January 14, 2013                    Respectfully submitted,

/s/
Craig R. Haughton (Fed. Bar No. 28585)
**MCGUIREWOODS LLP**
7 Saint Paul Street, Suite 1000
Baltimore, Maryland 21202
(410) 659-4400
(410) 659-4472 (Fax)
chaughton@mcguirewoods.com

*Attorney for Defendant*
*Bank of America, N.A.*