**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **ANN BRANCH,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No.: PWG-11-3712 |
| | * | |
| **BANK OF AMERICA,** | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This Memorandum Opinion memorializes the rulings made during the April 2, 2013 hearing regarding Defendant Bank of America, N.A.'s Motion for Sanctions or, in the alternative, to Compel Discovery Responses and Extend Defendant's Deadline to File Dispositive Motions, ECF No. 25, and accompanying memorandum in support, ECF No. 25-1; Plaintiffs Ann and Paul Branch's Opposition, ECF No. 32, and accompanying memorandum in support, ECF No. 32-1; and Defendant's Reply, ECF No. 34. It also addresses Defendant's Motion for Summary Judgment, ECF No. 26; Plaintiffs' Opposition, ECF No. 33; and Defendant's Reply, ECF No. 35. The transcript of the hearing is incorporated herein by reference. Defendant's Motion for Sanctions shall be treated as a Motion to Compel and is hereby GRANTED, as specified on the record and explained in this Memorandum Opinion. Defendant's Motion for Summary Judgment is hereby DENIED, without prejudice, subject to Defendant refiling it not later than fourteen (14) days from the date that it receives complete and non-evasive discovery responses from Plaintiffs.

## I. BACKGROUND

By way of brief summary, Plaintiffs, formerly married, filed this case against Defendant, seeking declaratory and injunctive relief regarding the validity of a Deed of Trust to a residential property that once was their marital home. Compl. ¶¶ 7–16, ECF No. 2. Specifically, Plaintiffs allege that Defendant filed a Deed of Trust encumbering the property to secure a loan to Plaintiff Ann Branch, and added Plaintiff Paul Branch's name and forged signature to the document without his authorization. *Id.* ¶¶ 51–52. Pursuant to the original Scheduling Order entered by Chief Judge Chasanow,[1] the original discovery deadline was set for December 13, 2012 and dispositive motions were due January 14, 2013. *See* July 31, 2012 Scheduling Order, ECF No. 18. On October 29, 2012, the parties filed a joint motion to extend the deadline to file their Fed. R. Civ. P. 26(a)(2) disclosures, ECF No. 22, which Judge Chasanow granted, ECF No. 23. Judge Chasanow's Order pushed the discovery deadline back to January 14, 2013, but kept the dispositive motions deadline of January 14, 2013 in effect. October 31, 2012 Paperless Order. On November 8, 2012, Defendant propounded Fed. R. Civ. P. 33 interrogatories and Fed. R. Civ. P. 34 requests for production of documents on Plaintiffs. Def.'s Mem. 2. Although Defendant served a single Rule 33 and 34 request on Plaintiffs jointly, it is undisputed that each was addressed to both Plaintiffs by name. Interrogs. & Reqs. for Produc. of Docs., Def.'s Mem., Ex. C, ECF No. 25-4. Plaintiffs' answers to these discovery requests were due by December 11, 2012. Def.'s Mem. 2. On January 2, 2013, Defendant had not yet received responses from Plaintiffs and called Plaintiffs' counsel regarding the overdue discovery responses. *Id.* After that telephone conversation, "Defendant then faxed to Plaintiffs' counsel a good faith letter requesting that Plaintiffs respond to the Discovery by January 7, 2013." *Id.* On January 14,

---

[1] This case was reassigned to the undersigned on December 14, 2012. *See* Docket.

2013, the day on which discovery was to close and dispositive motions were due, having still not received Plaintiffs' responses to the outstanding discovery requests, Defendant filed the present Motion for Sanctions, or in the alternative, to Compel Discovery Responses, as well as a Motion for Summary Judgment.

In Plaintiffs' Opposition to Defendant's Motion for Sanctions, they argue that Defendant's Motion is moot because "Plaintiff [*sic*] has fully complied with the defendant's discovery requests." Pls.' Mem. 1. This is a misrepresentation of the facts, however, because during the hearing, it was established that while Plaintiff Ann Branch had served answers, albeit after the deadline, Plaintiff Paul Branch still had not served answers to Defendant's Rule 33 and 34 requests, despite the fact that they had been served on him five months earlier. In support of their argument, Plaintiffs assert that "lead counsel" for Defendant, Brandon Williams, based in Charlotte, North Carolina,[2] told Plaintiffs' counsel that Defendant would accept Plaintiffs'

---

[2] Defendant is represented by the law firm of McGuire Woods LLP ("the Firm"). Mr. Williams, whom Plaintiffs' counsel referred to as Defendant's "lead counsel" in Plaintiffs' Opposition to Defendant's Motion for Sanctions, *see* Pls.' Mem. 2, works out of the Firm's Charlotte office and has not entered his appearance in this case. At the hearing, Defendant was represented by Craig Haughton, an attorney with the Firm's Baltimore office. Mr. Haughton is the only counsel of record and was the attorney who propounded Defendant's discovery requests upon Plaintiffs' counsel. While Defendant disputed the accuracy of Plaintiffs' counsel's assertion that Mr. Williams had agreed to accept Plaintiffs' long overdue discovery responses on January 14, the day of the discovery cutoff and the day on which dispositive motions were due, Defendant did not file an affidavit from Mr. Williams denying Plaintiffs' assertion. Accordingly, the record is unclear regarding whether Mr. Williams agreed to accept the discovery on January 14. What is clear is that it would make little sense for Mr. Williams, who has not entered his appearance and who has not signed any pleadings, discovery requests, or motions papers that Defendant has filed, to have agreed to accept discovery responses on the day on which dispositive motions were required to be filed, because the answers would be received too late to be of any use in Defendant's Motion for Summary Judgment. Further, it is quite clear that even if Mr. Williams had agreed to accept Plaintiffs' responses on January 14, Plaintiffs failed to comply with that agreement with respect to Plaintiff Paul Branch's responses, which had not be served even as late as April 2, 2013, the date of the hearing. Def.'s Reply 1–3. Given the fact that the outcome of this action apparently turns on whether Plaintiff Paul Branch signed the Deed of Trust, the failure to provide his answers to Rule 33

3

discovery responses on January 14, 2013 and not on January 7, 2013, as demanded by Defendant on January 2, 2013. *Id.* at 2. Thus, Plaintiffs contend that because they served the outstanding discovery on Defendant on January 14, 2013, within the allegedly agreed-upon deadline for doing so, they have fully complied with Defendant's discovery requests. Pls.' Mem. 5. Plaintiffs' counsel reiterated this argument at the April 2, 2013 hearing.

## II. DISCUSSION

At the outset, the Court need not resolve the factual dispute as to the day in which counsel agreed to send and receive the discovery responses—Even if Mr. Williams agreed to accept the responses on January 14, 2013, Plaintiff Ann Branch's responses did not arrive until January 17, 2013, and as of April 2, 2013, Plaintiff Paul Branch had not responded at all. Thus, Plaintiffs failed to serve on Defendant their Rule 33 and 34 discovery responses in a timely fashion, despite counsel for Defendant's affording them a generous extension of time in which to do so. Plaintiffs' failure to respond necessitated Defendant's Motion, and the Court shall treat it as a Motion to Compel. *See* Fed. R. Civ. P. 1 (requiring the Court to construe the rules of procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 792 n.1 (D. Md. 2010) (explaining that Rule 1 instructs the Court "not [to] exalt form over substance"); *Hall v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005) (same).

---

and 34 discovery unquestionably was prejudicial to Defendant. Finally, the accuracy of Plaintiffs' claim that they fulfilled their agreement to provide discovery to Defendant on January 14 is belied by the fact that Plaintiff Ann Branch's responses were not delivered to Defendant until January 17, and Plaintiff Paul Branch's were never delivered. *See id.* at 2–3.

Under Fed. R. Civ. P. 37, a "party seeking discovery may move for an order compelling" discovery responses if the opposing party fails to respond to a discovery request. Fed. R. Civ. P. 37(a)(3)(B). Further, Rule 37(a)(5)(A) states, relevantly:

> If the motion [to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

*Id.* Thus, under the rule, if the motion to compel is granted or, as occurred here, the responses are provided after the filing of a motion to compel, sanctions are *mandatory*, unless: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id.*

With regard to the first exception, Defendant clearly made a good faith effort to obtain the discovery without court action, as Rule 37(a)(5)(A)(i) and this Court's Local Rules require. *See* Fed. R. Civ. P. 37(a)(5)(A)(i); Loc. R. 104.7 ("Counsel shall confer with one another concerning a discovery dispute and make sincere attempts to resolve the differences between them."); Loc. R. 104.8 ("Counsel are encouraged to confer with one another before or immediately after a motion to compel is served. If they are unable to resolve their disputes, counsel must hold the conference required by [Local Rule] 104.7 after serving upon one another all of the documents relating to the motion to compel."). Defendant's Certificate of Good Faith, *see* Fed. R. Civ. P. 37(a)(2); Loc. R. 104.7, details its attempts to secure discovery from Plaintiffs after the deadline for submitting discovery responses had passed. *See* Certificate of Good Faith Effort to Resolve a Discovery Dispute, Def.'s Mem., Ex. E, ECF No. 25-6.

5

With regard to the second exception identified in Rule 37(a)(5)(A)(ii), Plaintiffs' belated discovery responses were not substantially justified. A party satisfies the "substantially justified" standard "if there is a 'genuine dispute' as to proper resolution or if 'a reasonable person could think [that the failure to produce discovery is] correct, that is, if it has a reasonable basis in law and fact.'" *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 Fed. App'x 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Kemp v. Harris*, 263 F.R.D. 293, 296–97 (D. Md. 2009) (citations omitted). However, to avoid the imposition of costs, "parties must sufficiently argue that they were substantially justified in their actions." *Id.* at 297 (citing *Humphreys Exterminating Co. v. Poulter*, 62 F.R.D. 392, 394 (D. Md. 1974)). Plaintiffs do not provide any legitimate justification—let alone a substantial justification—as to why Plaintiff Ann Branch's discovery responses were not provided to Defendant until January 17, 2013, over a month after the deadline for their submission, and why Plaintiff Paul Branch's discovery responses were not provided at all. At the hearing, counsel for Plaintiffs argued that Plaintiff Ann Branch's responses, signed only by Plaintiff Ann Branch, also constituted Plaintiff Paul Branch's responses. This argument wishes away the clear provisions of Rule 33, which states that "[t]he person who makes the answers must sign them." Additionally, the proffered excuse that the interrogatory responses were not signed by Plaintiff Paul Branch because he was traveling and not available the day they were due falls far short of substantial justification. *See McDougall v. Dunn*, 468 F.2d 468, 472 (4th Cir. 1972) (holding that Rule 33 "states categorically that . . . interrogatories addressed to an individual party must be answered by that party" and that it is "no exception because a party lives at a distance from his

counsel") (internal quotation marks omitted); *Walls v. Paulson*, 250 F.R.D. 48 (D.D.C. 2008) (stating that the signature requirement of Rule 33 is mandatory); *Cabrales v. United States*, 51 F.R.D. 498 (S.D.N.Y. 1970) (holding that a seaman who was unavailable to sign his interrogatory responses when they were drafted did not excuse him from the mandatory signature requirement and ordering the seaman to answer the interrogatories).  The fact that Plaintiff Paul Branch may have been unavailable in early January 2013 entirely fails to account for why he could not have signed his responses between November 8, 2012, when they were served, and January 2013, nor does it account for why he did not sign them prior to the hearing on April 2, 2013.  The record is clear, therefore, that Plaintiffs have failed to demonstrate that their failure to provide discovery was substantially justified.

Finally, with regard to the third exception identified in Rule 37, Plaintiffs have not presented evidence of "other circumstances" that would "make an award of expenses unjust." *See* Fed. R. Civ. P. 37(a)(5)(A)(iii).  At the hearing, counsel for Plaintiffs argued that because Defendant did not request attorney's fees for the filing of its Motion for Sanctions, it would be an "abuse of discretion" for the Court to award them.  This argument disregards the clear text of Rule 37(a)(5)(A), which mandates the award of attorney's fees when the Court grants a motion to compel and the failure to provide the discovery was not substantially justified, nor the imposition of sanctions unjust. *See* Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2288 (3d ed. 2010) ("The great operative principle of Rule 37(a)(5) is that the loser pays.  If a motion under Rule 37(a)(3) . . . is granted, or if the requested discovery or disclosure is only provided after the motion has been filed, the party or deponent whose conduct necessitated the motion *shall be required* to pay to the moving party the reasonable expenses, including attorney's fees, incurred in obtaining the order.") (emphasis

added).  Because none of the exceptions stated in Rule 37 apply, and because "reasonable expenses incurred in making the motion, including attorney's fees," are otherwise mandatory where, as here, the requested discovery is not provided until after a motion to compel is filed, fees must be awarded to Defendant.  *See* Fed. R. Civ. P. 37(a)(5)(A).  Defendant is AWARDED the reasonable expenses and fees, as described below, related to the filing of the instant Motion for Sanctions, or in alternative, to Compel Discovery Responses.  For the reasons stated below, however, I find that it is Plaintiffs' counsel, not Plaintiffs themselves, who must pay Defendant's reasonable expenses incurred in making the Motion for Sanctions.  *See* Fed. R. Civ. P. 37(a)(5)(A).

As noted, I have determined that the argument by Plaintiffs' counsel that Defendant's Motion for Sanctions was "moot" because Plaintiffs had "fully complied with the defendant's discovery requests," Pls.' Mem. 1, significantly misrepresented the true facts, namely that Plaintiff Paul Branch had not provided executed Rule 33 and 34 responses as was required.  Moreover, the argument by Plaintiffs' counsel that Plaintiff Ann Branch's signature on her interrogatory answers was all that was required is disingenuous in light of the clear requirements of Rule 33(b)(1)(A) that Plaintiff Paul Branch, an individual Plaintiff to whom Defendant's interrogatories were directed, also provide signed answers.  Given the importance of Plaintiff Paul Branch as an essential witness on the disputed critical issue of whether he signed the Deed of Trust, the failure to provide sworn interrogatory answers was highly prejudicial to Defendant.  For these reasons, I find that the award of reasonable costs appropriately should be borne by Plaintiffs' attorney, as Rule 37(a)(5)(A) permits.

## III.  CONCLUSION

In light of the foregoing, Defendant's Motion for Sanctions, or in the alternative, to Compel Discovery Responses, is hereby GRANTED. Plaintiff Paul Branch shall serve on Defendant signed Rule 33 and 34 discovery responses no later than April 24, 2013. Additionally, in accordance with the rulings made on April 2, 2013, Defendant has provided to Plaintiffs' counsel a list of the outstanding information and/or documentation it seeks. *See* April 12, 2013 Joint Status Report, ECF No. 38. Plaintiffs shall provide the remaining documentation to Defendant no later than April 26, 2013. As discovery has concluded, this is the only additional discovery that shall be permitted. Additionally, because Plaintiffs have not made any Fed. R. Civ. P. 26(a)(2) disclosures and have indicated that they have "elected not to employ an [e]xpert [w]itness to address the fraudulent signature shown on the Deed of Trust," Plaintiffs shall be precluded from offering on a motion, at a hearing, or at trial the testimony of a witness for whom a Rule 26(a)(2) disclosure was required. *See* Fed. R. Civ. P. 37(c)(1).

Next, Defendant filed a Motion for Summary Judgment on January 14, 2013. However, as Defendant filed this motion without the benefit of having received Plaintiffs' discovery responses, Defendant's Motion for Summary Judgment is hereby DENIED, without prejudice, subject to Defendant refilling it not later than fourteen (14) days from the date that it receives complete and non-evasive discovery responses from Plaintiffs.

Also, in accordance with the rulings made on April 2, 2013, Defendant has filed an itemized request for attorney's fees and expenses. Plaintiffs' counsel may file any objections to the reasonableness of Defendant's fee and cost assessment no later than April 22, 2013. His objections also may include any additional facts which would demonstrate that an order that he pay the attorney's fees and expenses would impose an unreasonable financial burden on him,

rendering them unjust.  Plaintiffs' counsel is cautioned that this is not an opportunity for him to reargue what already was said, or argue what could have been argued at the hearing, but was not.  Rather, it is an opportunity for him to provide any information why the imposition of reasonable costs might impose an unfair financial burden.  Defendant may file a response to Plaintiffs' counsel's objections, if any, no later than April 30, 2013.

A separate Order shall be issued concurrently with this Memorandum Opinion.

Dated: <u>April 22, 2013</u>                                                _____/s/_____
                                                                                              Paul W. Grimm
                                                                                              United States District Judge


mol